## THE NATIONAL BANK OF JACKSONVILLE

*v.*

## MAHLON MAPES *et al.*

PARTNERSHIP—*firm check to pay partner's debt.* If a partner consents that a check of the firm may be applied on an individual debt of his co-partner, he may, at any time before such application is in fact made, or the rights of third parties intervene, withdraw such consent, and after notice by him, not to so apply the check, it can not be so applied.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the appellant.

Mr. OSCAR A. DeLEUW, and Messrs. EPLER & CALLON, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Mahlon Mapes, the principal of the note upon which this action is founded, was a member of the firm of Mapes & Moore. Some payments had been made, a tender of a certain sum was proven, and if a check drawn by the firm of Mapes & Moore, for the sum of $600, was applied as payment before any notice to the bank not to so apply such check, then the note, after deducting tender, was fully paid. But whether the check was so applied is the fact in controversy.

Conceding, as the argument is, that Moore gave his consent, in the first instance, the firm check of Mapes & Moore might be used to make payment on his partner's individual note, still it is clear that Moore could withdraw such consent at any time before the check was paid, or the rights of third parties had intervened. That was done. On this point in the case the testimony is all one way. The cashier of the bank is positive he declined to pay the check when it was presented, for the reason he had not then any advice of the payment, by the

correspondents of Mapes & Moore, of a draft drawn on them at St. Louis, and unless such draft was paid the drawers had not sufficient funds in bank with which to pay the check. But the party having the check left it in the hands of the cashier, to be paid on receipt of advices of payment of the St. Louis draft, and in case of payment, proceeds were to be applied as a credit on the note in suit. Before any notice of acceptance and payment of draft by the correspondents of Mapes & Moore at St. Louis, Moore went to the bank and distinctly withdrew any previous consent to the application of avails of check to the payment of his partner's individual indebtedness, and notified the bank not to pay the check. On this point in the case the testimony is full, and not at all conflicting. Recognizing Moore's right, as we do, to withdraw his consent to the application of firm assets to payment of his partner's individual indebtedness, and notice of such fact having been given before payment of the check or rights of any third parties had intervened, the amount of the check should not have been allowed as a credit on the note.

So clearly is the verdict against the weight of evidence, we think it is unnecessary to discuss other questions made on argument.

The judgment will be reversed, and cause remanded.

*Judgment reversed.*